**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JEREMY V. PINSON, <br> (Reg. #16267-064) <br><br> Plaintiff, <br><br> vs. <br><br> AL HAYNES, *et al.*, <br><br> Defendants. | § § § § § § § § § § § § § | CIVIL ACTION H-08-2237 |

* * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JEREMY V. PINSON, *et al.*, <br><br> Petitioners, <br><br> vs. <br><br> CHRISTOPHER STRICKLAND, *et al.*, <br><br> Respondents. | § § § § § § § § § § § | CIVIL ACTION H-08-2898 |

**MEMORANDUM AND OPINION**

Jeremy V. Pinson, an inmate of the Federal Detention Center ("FDC"), has filed two suits alleging denial of due process and of access to the courts In Civil Action No. 08-2237, Pinson sued Al Haynes, Warden of the FDC; the Federal Bureau of Prisons; the United States Marshal Service; Michael Mukasey, the United States Attorney General; and the United States of America. In a subsequent suit, Civil Action No. 08-cv-2989, he sued officers at the Joe Corley Detention Facility. Although filed as federal petitions for habeas corpus relief,

the cases challenge the conditions of confinement at the FDC and the Joe Corley Detention Facility, alleging civil rights violations under 42 U.S.C. § 1983.

Pinson was charged in a May 2008 indictment with mailing threatening communications, in violation of 18 U.S.C. § 876. (Criminal Action No. 4:08-CR-283). He is already serving a 60-month sentence for threatening the life of the President of the United States, (Criminal Action No. 5:06-CR-114), and a 180-month sentence for making a false statement and mailing threatening communications, (Criminal Action No. 3:07-CR-23).

In the civil suits he has filed, Pinson alleges that he has been in administrative segregation and unable to initiate telephone calls to the attorney representing him in his pending federal criminal case; officials are holding his legal mail and inspecting it outside his presence; and he is denied access to legal property, a photocopying machine, and enough envelopes for his legal correspondence. Pinson alleges that FDC officials segregated him in retaliation for filing actions against the government and that the isolation was intended to cause mental instability at his forthcoming trial. He sought an order releasing him from administrative segregation so that he could have more frequent communications with counsel.

Pinson filed these actions as petitions for a writ of habeas corpus or for preliminary injunctive relief. He paid a $5.00 filing fee in each. Because Pinson is alleging civil rights violations under 42 U.S.C. § 1983, he must comply with the Prison Litigation Reform Act of 1996 (PLRA), which requires prisoners filing lawsuits to pay an initial partial filing fee and to pay the balance of the full filing fee of $350.00 in installments. Inmates filing civil

rights suits must file an application to proceed *in forma pauperis* with a certified copy of the inmate trust fund account history containing the deposits and monthly balances for the six-month period preceding the filing of this lawsuit. Pinson has not complied with this requirement.

On October 22, 2008, Pinson moved for voluntary dismissal of Civil Action No. 08-2237 under Rule 41(a) of the Federal Rules of Civil Procedure. (Docket Entry No. 15). The motion for voluntary dismissal is granted. FED. R. CIV. P. 41(a)(2). The motion for temporary restraining order and preliminary injunction, (Docket Entry No. 6), motion for appointment of counsel, (Docket Entry No. 9), motion for service, (Docket Entry No. 4), and motion to consolidate actions, (Docket Entry No. 14), are denied as moot.

In Civil Action No. 08-2237, Pinson also filed a motion to have four additional inmates – Albert Ortiz, Frank Cano, Michael Almaraz, and Rene Gonzalez – joined as plaintiffs under Rule 20(a) of the Federal Rules of Civil Procedure and to amend the petition. (Docket Entry No. 7). Rene Gonzalez subsequently moved for severance and voluntary dismissal. (Docket Entry No. 10). Rule 20, governing permissive joinder, provides in pertinent part that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Another statute, 18 U.S.C. § 1915, imposes special limitations on *in forma pauperis* actions brought by prisoners. The Prison Litigation Reform Act (PLRA) requires each prisoner plaintiff to pay the court filing

fee regardless of whether prisoners join in one action or each file an individual action. *See* 28 U.S.C. § 1915(b)(1); *Boriboune v. Berge,* 391 F.3d 852, 854-56 (7th Cir.2004) (the PLRA obliges prisoners in a joint action seeking to proceed in forma pauperis to pay one filing fee per prisoner, rather than splitting one filing fee); *Hubbard v. Haley,* 262 F.3d 1194, 1197-1198 (11th Cir.2001) (PLRA did not permit group of prisoners bringing *in forma pauperis* § 1983 action against corrections officials to join claims and thereby divide single mandatory filing fee among them, regardless of prisoners' contention that federal joinder rule governed and that their claims arose out of same transaction or occurrence and involved common question of law).

District courts have also found it problematic to allow joinder of plaintiffs in prisoner litigation under Rule 20. *See Richardson v. Morris County Correctional Facility,* 2006 WL 1582076 (D.N.J. Jun. 5, 2006) (citing *Wasko v. Allen County Jail,* 2006 WL 978956 (N.D. Ind.2006); *Swenson v. MacDonald,* 2006 WL 240233 (D. Mont.2006)). Among the concerns noted are the possibility of inmate transfers, security, and the need for each individual plaintiff to represent himself and sign each pleading related to his claims under Fed.R.Civ.P. 11(a). *Richardson,* 2006 WL 1582076, *1-2. "Prisoners are not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult." *Id* . at *2; *see also Amir-Sharif v. Dallas County,* 2006 WL 2860552, 3 -4 (N.D. Tex.2006); *Caputo v. Belmar Municipality & County,* 2008 WL 1995149, 2-4 (D.N.J. 2008).

In Civil Action No. 08-2237, the original plaintiff, Pinson, moved to dismiss. There has been no compliance with the requirements for payment of an initial filing fee under §

4

1915. The motion for joinder is denied and the motion for leave to file the amended complaint is moot. Pinson filed Civil Action No. 08-2898 as a class action. He moved to be severed from the action and his claims dismissed under Rule 41(a)(I) of the Federal Rules of Civil Procedure. (Docket Entry No. 9). Courts generally hold that it is not appropriate to allow *pro se* litigants to serve as class representatives because, under Rule 23(a)(4), a class representative must "fairly and adequately" protect the interests of the class. A litigant may bring his own claims to federal court without counsel, but not the claims of others. *Fymbo v. State Farm Fire & Casualty Co.,* 213 F.3d 1320, 1321 (10th Cir.2000) (internal quotation marks and citations omitted); *Griffin v. Foti,* 2004 WL 98713, *1 (E.D. La.2004). Pinson's motion for severance is denied as moot and his motion to dismiss is granted.

Both Civil Action No. 08-cv-2237 and Civil Action No. 08-cv-2898 are dismissed.

SIGNED on November 6, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge